# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL J. BARI and JOHN S. LISOSKI,**

      **Plaintiffs,**

**-vs-**                                                               **Case No. 6:07-cv-1455-Orl-DAB**

**ADVANCETECH, INC.;  CARMEN ORTIZ;**
**and MARCO TORRES,**

      **Defendants.**

_____

## ORDER OF DISMISSAL

The Court has been advised by the parties that the above-styled action has been completely settled. *See* Doc. No. 40. Plaintiffs sued Defendants for unpaid commissions, seeking $733 of overtime for Plaintiff Bari and $33,000 of overtime for Plaintiff Lisoski. Doc. Nos. 15-2, 15-3. Plaintiff Lisoski was a Sales Manager and Plaintiff Bari was a salesman, who were paid commissions for time shares sales. Doc. Nos. 15-2, 15-3. Plaintiffs allege in the alternative that they worked significant overtime, but could not compute their hourly rate. Doc. No. 15-2, 15-3. Defendants' position was that both Plaintiffs were paid on a strict commission basis, which was based on a percentage of sales. Doc. No. 25.

The parties' Notice of Settlement states:

The Parties, accompanied by their respective counsel, mediated this matter on June 16, 2008. Based upon the discovery taken by Plaintiffs and arguments made during mediation, the Parties have agreed to settle Plaintiffs' claims for a total sum of $18,500. and have agreed that this matter is more properly resolved as an unpaid commission claim rather than an overtime claim. Plaintiff Michael J. Bari will receive $500 representing unpaid commissions, and Plaintiff John S. Lisoski will receive $10,000, representing unpaid commissions. Plaintiffs' counsel will receive $8,000 in attorney's fees and costs. The Parties assert that the settlement amount is reasonable

>in light of the fact that there is little to no documentation of the hours that Plaintiffs worked each week, the Parties differ widely as to the number of hours that Plaintiffs actually worked, and the respective burdens the Parties face with respect to their claims and defenses.

Doc. No. 40 at 2.

The Court accepts the parties' characterization, as made, that this is no longer an overtime compensation case. Thus, no hearing is necessary as to whether the settlement to Plaintiffs is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), because Plaintiff's FLSA claim is not part of the settlement. Accordingly, pursuant to Local Rule 3.08(b) of the Middle District of Florida, it is **ORDERED** and **ADJUDGED** that this cause is hereby **DISMISSED** with prejudice as set forth in the parties' Stipulation for Dismissal with Prejudice and Settlement. Doc. No. 40. All pending motions are **DENIED** as moot, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record